UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL R. STEELE, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:15-CV-331 RM |
| SUPERINTENDENT, | ) |
| Defendant. | ) |

OPINION AND ORDER

Michael R. Steele, a *pro se* prisoner, filed this fifth habeas corpus petition trying to challenge his 1989 murder and attempted murder convictions in 20C01-8811-CF-104 in the Elkhart Circuit Court. In Steele v. Duckworth, 3:94-cv-101 (N.D. Ind. filed February 7, 1994), Mr. Steele filed a petition for a writ of habeas corpus trying to challenge the same conviction he is challenging with this petition. That habeas petition was denied. Steele v. Duckworth, 900 F. Supp. 1048 (N.D. Ind. 1994). The court of appeals affirmed the denial, Steele v. Duckworth, 62 F.3d 1419 (7th Cir. 1995), and the United States Supreme Court denied Mr. Steele's petition for a writ of certiorari. Steele v. Duckworth, 516 U.S. 997 (1995).

In 1998, Mr. Steele filed a second petition for writ of habeas corpus challenging this same conviction, Steele v. Anderson, 3:98-cv-298, which the court dismissed "without prejudice so petitioner can seek, if he chooses to do so, authorization from the Court of Appeals to file a successive petition." (Case No. 3:98-cv-298, DE # 3.) In 2010, Mr. Steele filed his third petition challenging this conviction, Steele v. Superintendent, 3:10-cv-104.

This petition was also dismissed as a successive petition without prejudice, to give Mr. Steele the opportunity to get permission for the Court of Appeals. In 2011, Mr. Steele filed his fourth challenge to this conviction, Steele v. Superintendent, 3:11-cv-228. The court dismissed this petition, too, because Mr. Steele still hadn't received permission to file a successive petition. (Case No. 3:11-cv-228, DE 6.).

This court doesn't have jurisdiction to hear an unauthorized second or "successive" habeas petition challenging the same conviction. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 157 (2007). Regardless of whether the claims Mr. Steele wants to present are new or were presented in the prior petition, they must be dismissed. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). To the extent Mr. Steele has any new claims in his petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before he can raise them in this court. 28 U.S.C. § 2244(b)(3)(A). There is no indication that Mr. Steele has obtained an order from the court of appeals permitting him to proceed with any new claims. "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

Normally, that would be the end of the analysis and the case would simply be dismissed for want of jurisdiction, but Mr. Steele is an abusive filer who has been cautioned to stop. Despite the court's repeated attempts to explain the futility of his efforts and to

dissuade him from further filings, Mr. Steele has remained undeterred. The legal basis for dismissing his claims has been explained to him time and again. He has also been cautioned and warned that he might be fined and restricted if he continued filing frivolous habeas petitions. In the dismissal order in his last habeas case, Judge Moody cautioned Mr. Steele that "if he makes another attempt to file a petition for writ of habeas corpus in this district without first obtaining leave from the Seventh Circuit to do so he may be fined, sanctioned, or restricted." (Case No. 3:11-cv-228, DE 6 at 4.) Mr. Steele now has filed this challenge to his criminal conviction without first obtaining leave from the circuit to do so. Therefore he will be sanctioned. The method for imposing such a sanction in the context of a habeas corpus case brought pursuant to 28 U.S.C. § 2254 was explained in Montgomery v. Davis, 362 F.3d 956 (7th Cir. Ind. 2004):

> Accordingly, Montgomery and Sumbry are fined $500 each and, . . . because both Montgomery and Sumbry have received federal habeas corpus review of their current convictions, they are effectively barred from filing any civil action in the district courts until they settle their debts to the federal judicial system.
> . . .
> Finally, because this court disapproves of perpetual orders, Montgomery and Sumbry may seek modification or rescission of this order, but not before two years have passed.

Id. at 957-58 (citations omitted).

Mr. Steele's history and abusive behavior wasn't as egregious as that of Montgomery or Sumbry, so Mr. Steele will only be fined $100.00. In addition, he will be restricted from filing any civil action in this court except for a habeas corpus challenge to a new state court conviction or the finding of guilt in a prison disciplinary proceeding. That

is to say, if he is convicted of a crime or offense other than the one for which he is currently incarcerated, he can file one timely, properly completed habeas corpus petition challenging the new state conviction. Mr. Steele is cautioned that if he attempts to circumvent this or any other restriction order, he may be subjected to additional fines, sanctions, or restrictions.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As previously explained, this court lacks jurisdiction to consider an unauthorized successive habeas corpus petition. Reasonable jurists wouldn't debate this finding and this case doesn't deserve encouragement to proceed further. Therefore a certificate of appealability will be denied.

For the foregoing reasons, the court:

    (1) **DISMISSES** this frivolous case for want of jurisdiction;

    (2) **DENIES** a certificate of appealability;

    (3) **FINES** Michael R. Steele $100.00;

(4) **RESTRICTS** Michael R. Steele from filing in any civil case except for a notice of appeal in this case or a habeas corpus challenge to a new state court conviction or prison disciplinary proceeding;

(5) **DIRECTS** the clerk to return unfiled any papers filed in violation of this order; and

(6) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order;

(7) **ADMONISHES** Michael R. Steele that if he attempts to circumvent this or any other restriction order, he may be further fined, sanctioned, or subjected to more severe restrictions;

(8) **GRANTS** Michael R. Steele leave to seek to remove this restriction after it has been in place for two years; and

(9) **DIRECTS** the clerk to send a copy of this order to the superintendent of the facility where Michael R. Steele is currently confined.

SO ORDERED.

ENTERED: August  31 , 2015              /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court